## Samuel M. Moore *v.* Jacob Grow.

*Real estate broker—Double commissions when allowed.*

The exception to the rule, that an agent cannot serve the vendor and vendee without forfeiting his claim to commissions, arises when the parties for whose protection it was intended have, with full knowledge of all the circumstances, agreed to waive their rights thereunder

Argued Dec. 10, 1895. Appeal No. 20, Nov. T., 1895, by defendant, from order of C. P. Montgomery Co., discharging

rule to open judgment. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, MCCARTHY AND ORLADY, JJ. Affirmed.

Exception to order discharging rule to open judgment.

Judgment was entered in favor of the plaintiff, Samuel M. Moore, and against the defendant, Jacob Grow, for the sum of $24.00 on a single bill dated April 29, 1895. On July 6, 1895, a rule was granted to show cause why judgment should not be opened and defendant let in to a defense. On September 15, 1895, the rule was discharged and an opinion filed by SWARTZ, P. J., which found the facts inter alia as follows:

The plaintiff, Samuel M. Moore, a real estate broker, was employed to sell the farm of John H. Davidson. Through the agency of Moore the farm was sold to the defendant Jacob Grow at a valuation of $4,000. Under the contract of sale Davidson agreed to take in part payment of the purchase money the house and lot of Grow at a valuation of $1,200. After the sale or exchange was fully consummated Davidson paid to Moore a commission of two per centum on the $4,000 and Grow gave to Moore a judgment note for $24.00. Moore alleges that the note was given to secure the payment of commission due him by Grow.

The note was entered of record and the defendant asks us to open the judgment, first because there was no consideration for the note, and secondly because the plaintiff was the agent of Davidson in the contract of sale, and therefore can have no valid claim for commissions against Grow.

The allegations of the defendant that he never employed the plaintiff and never agreed to pay him commissions are contradicted by the note itself, by two witnesses who were present when the judgment note was executed and by the positive testimony of the plaintiff that on two occasions, before the sale was consummated, Grow agreed to pay commissions to plaintiff.

*Errors assigned* were (1–3) refusing to open the judgment and discharging the rule.

*H. U. Brunner*, for appellant.—It is well settled law that a judgment entered upon a note by confession will be opened where there appears to be a dispute as to facts upon which a

jury ought to pass: Wilson v. Cox, 37 W. N. C. 142; Mullen v. Mageoch, 14 W. N. C. 127.

All we have to do in this case is to show a prima facie cause for consideration of a jury: Murphy v. Watrous, 1 C. P. 123; Buil. Asso. v. Jones, 1 C. P. 130.

A real estate agent is not entitled to commissions on sales made without request or employment: Mayer v. Rhoades, 135 Pa. 601.

But the fundamental principle that rules the case lies beyond the judgment note. " No man can serve two masters, he will either love the one and hate the other, or he will hold to the one and despise the other. 'Ye cannot serve God and mammon." It is a shield against the rapacity and greed, and the courts have uniformly applied it in all cases of sales and exchange of real estate by an agent, who acts in a double capacity as agent for both the seller and the purchaser. It is not only remedial of actual fraud, but it is also preventive of the possibility of it: Searle v. Everhart, 71 Pa. 256; Penna. R. R. Co. v. Flanigan, 112 Pa. 558; Finch v. Conrade's Exr., 154 Pa. 326; Rice v. Davis, 136 Pa. 439.

The learned judge in the court below errs in ruling this case under the exception in Rice v. Davis, supra.

*J. P. Hale Jenkins*, for appellee.—The act of April 4, 1877, has not interfered with the sound discretion of the court in the matter of opening judgment on a warrant of attorney, or a judgment note. It is the same as before the act was passed in that respect; the appellate court simply having the right to ascertain if that discretion has been properly exercised: Earley's Appeal, 90 Pa. 321; Hinkernell's Appeal, 90 Pa. 328; Wernet's Appeal, 91 Pa. 319; Schenck's Appeal, 94 Pa. 37; Wise's Appeal, 99 Pa. 193.

The simple question therefore is, did the court below exercise a sound discretion in refusing appellant's application to have the judgment opened?

The whole of appellant's argument is upon a " fundamental principle," which in this case has been waived by appellant himself, aye more, the agreement to pay commissions expressly and deliberately ratified subsequently to the promise. Grow being uncorroborated and his testimony controverted by Moore,

and there being no corroborative facts to sustain Grow, the judgment will have to stand: Earley's Appeal, 90 Pa. 321; Zaring v. Earley, 2 Pierson, 352; Cummins v. Hurlbutt, 92 Pa. 165.

Defendant's testimony could not be considered by the chancellor unless corroborated by another witness or the equivalent of another: North & West Branch Railway Co. v. Swank, 105 Pa. 555; Jackson v. Payne, 114 Pa. 67; Nicolls v. McDonald, 101 Pa. 515; English's Appeal, 119 Pa. 533; Bank v. Thompson, 144 Pa. 393; Halberstadt v. Bannan, 149 Pa. 51.

When an application is made to open a judgment, the relief demanded is in equity, and the applicant must make out a case which would clearly justify a chancellor in entering a decree: Knarr v. Elgrin, 9 Atl. 875; English's Appeal, 119 Pa. 533.

OPINION BY ORLADY, J., January 20, 1896:

The plaintiff, a real estate broker, negotiated a sale of a farm, owned by John H. Davidson, to the defendant, at a price of $4,000. In part payment of his purchase, Davidson took title to a house and lot owned by the defendant Grow, at a valuation of $1,200. As commission for his services rendered as broker, the plaintiff received two per centum on the $4,000 from Davidson, and a judgment note for $24.00 from the defendant. A judgment was entered in the court below on this note, which the defendant seeks to avoid for two reasons: First, because there was no consideration to support it; second, because the plaintiff was the agent of Davidson in the transaction, and can have no valid claim for commissions against him.

Upon hearing of a rule to show cause why the judgment should not be opened and he let into a defense, testimony was taken, and after argument the court below discharged the rule. From this order and decree this appeal is taken, with three assignments of error.

On examination of the evidence it is found that the testimony of the defendant stands unsupported by a single witness, nor is there any corroboration of his contention to be fairly drawn from it. Upon his own showing, the giving of the note was his deliberate act, after he had full knowledge of the facts, and in payment of that which he then regarded as a valid claim against him. He is contradicted by the note itself, and by the

positive testimony of two witnesses who were present when the note was signed. He testifies in support of the rule, " I took his (Davidson's) property at $4,000, and he took mine at $1,200. We drew up articles of agreement, Mr. Moore did, and we both signed it. Mr. Davidson paid Mr. Jenkins and so did I. Mr. Moore then stepped up and said, ' Now pay me.' I looked at him. I said, ' I aint got the money to do it just now,' and then he got a judgment note and drew it up. Mr. Moore then handed me a judgment note, and he said sign it, and I did so," and all this in the office of the attorney who passed upon the title, and also in presence of three persons in addition to the plaintiff. There was no mistake in the execution of the note. Using the house and lot of Grow in part payment of the farm of Davidson was as well understood as any other fact. The consideration of the note was known by all who testified in re-lation to the matter to be defendant's debt for broker's commis-sion. The broker was in the employ of both, a fact well known by each. The integrity of the judgment, or the good faith of the transaction, has not been successfully attacked, and the decree of the court was well supported by the law and facts.

The judgment is affirmed.